**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**AT NASHVILLE**

| | |
|---|---|
| **JACOB ANTHONY MAPLES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) NO. _____ |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

Comes the Plaintiff, JACOB ANTHONY MAPLES, and for his Complaint, states:

### I. JURISDICTION AND STATUS OF THE PARTIES

1.      Jurisdiction over the Defendant, UNITED STATES OF AMERICA, arises under the Federal Tort Claims Act of June 25, 1948, at 28 U.S.C. Section 1346(b) and Section 2675(a), providing that a tort claim which is administratively denied or not given an administrative disposition within six months of the filing of the claim may be presented to a Federal District Court for judicial consideration.

2.      Plaintiff JACOB ANTHONY MAPLES' permanent residence is in Dickson, Tennessee, and the acts and omissions herein complained of occurred in Havelock, North Carolina. Therefore, pursuant to the Federal Tort Claims Act, this court has jurisdiction of the instant case, and the substantive law of North Carolina is applicable to the acts and omissions of Defendant in the instant action.

3.      On or about September 12, 2016, the Administrative Tort Claim of JACOB

ANTHONY MAPLES dated September 7, 2016, for personal injury damages was properly delivered to the Defendant, UNITED STATES OF AMERICA, by delivery to the Office of the Judge Advocate General, Department of the Navy. A copy of JACOB ANTHONY MAPLES' claim is attached hereto as Exhibit A and is incorporated herein in its entirety by this reference.

4. The UNITED STATES OF AMERICA has not denied the claims; however, more than six (6) months have elapsed between the time the claims were filed and the filing of this action. Accordingly, this action is brought in a timely manner.

5. The Defendant, UNITED STATES OF AMERICA, by and through its several departments and at all times pertinent hereto, has owned, operated, managed, staffed, and controlled the MARINE CORPS AIR STATION CHERRY POINT facility in Havelock, North Carolina, (hereinafter referred to as "Cherry Point").

6. At all times mentioned herein (and in Exhibit A), the individual or individuals involved in the injury of JACOB ANTHONY MAPLES were employed by Defendant UNITED STATES OF AMERICA at Cherry Point, and in doing, or omitting to have done, the acts alleged herein, they were acting within the course and scope of their authority as agents and employees of the Defendant.

## II. DESCRIPTION OF OCCURRENCE

7. Government Contracting Resources (hereinafter referred to as "GCR") is a general contracting company located in Pinehurst, North Carolina.

8. Southwest Electric Company (hereinafter referred to as "SWE") is an electrical services company headquartered in Oklahoma City, Oklahoma with regional facilities in Tennessee and Ohio.

9. On or about August 29, 2014, Defendant contracted with GCR to provide facility

maintenance services at Cherry Point. A copy of the contract between the Defendant and GCR is attached hereto as Exhibit B and is incorporated herein in its entirety by this reference.

10. On or about January 21, 2015, GCR subcontracted with SWE to perform repairs and maintenance on a transformer at Cherry Point, Substation 2. A copy of the contract between GCR and SWE is attached hereto as Exhibit C and is incorporated herein in its entirety by this reference.

11. The repairs and maintenance to be completed by SWE at Cherry Point included draining and replacing the load tap changer ("LTC") oil, cleaning the interior of the LTC, replacing shunt straps in the LTC, and de-gassing the regulator.

12. Plaintiff began employment with SWE on January 12, 2015 and was sent to Havelock, North Carolina as a member of the team assigned to the Cherry Point project.

13. On February 26, 2015, Plaintiff was employed at Cherry Point in his capacity as a field technician for SWE. While Plaintiff was kneeling on a de-energized transformer cleaning insulator bushings, a military utility worker activated a switch that energized the transformer with 7,000-8,000 volts of electricity.

14. The electricity surged through Plaintiff's left thigh and exited his right knee, resulting in severe burns to his left thigh, right knee, and right hand.

### III.  TORTIOUS CONDUCT OF DEFENDANT

### COUNT 1 – NEGLIGENCE

15. Defendant, through its employees and agents, had a duty to exercise ordinary care in operating and maintaining electrical facilities at its Cherry Point site.

16. Defendant, through its employees and agents, knew or should have known of the foreseeable risk of injury to workers created by careless and inattentive operation of electrical controls at its site.

17.     Defendant, through its employees and agents, breached its duty of care to Plaintiff by negligently energizing a transformer while Plaintiff was working atop such transformer.

### COUNT 2 – NEGLIGENT SUPERVISION AND CONTROL

18.     Defendant had a duty to supervise and control its employees in a manner conforming to an ordinary standard of care.

19.     Defendant had a duty to establish and execute adequate protocols to ensure the safety and well being of all maintenance workers, including independent contractors.

20.     Defendant breached its duty of care to Plaintiff by failing to supervise and control its employees in a manner commensurate with a safe working environment. Alternatively, Defendant breached its duty to Plaintiff by failing to establish and/or execute adequate safety protocols.

### IV.  INJURIES AND GENERAL DAMAGES

21.     As a direct and proximate result of the tortious conduct of Defendant UNITED STATES OF AMERICA and its employees and agents as alleged hereinabove, Plaintiff JACOB ANTHONY MAPLES has suffered permanent injuries, including but not limited to severe burns covering a total body surface area of 3%; severe chronic pain of the right knee; skin breakdown of the right knee; post-traumatic stress disorder; general debilitation; and a need for continuing medical treatment and medications, including the likely need for an amputation of the right leg above the knee.

22.     As a direct and proximate result of the tortious conduct of the Defendant, Plaintiff JACOB ANTHONY MAPLES has suffered past and future damages, including but not limited to pain and suffering, both mental and physical; permanent disability; permanent impairment; permanent disfigurement; loss of earnings and earning capacity, and loss of enjoyment of life.

# V.  SPECIAL DAMAGES

23.     As a further direct and proximate result of the tortious conduct of the Defendant and its employees and agents as alleged hereinabove, Plaintiff JACOB ANTHONY MAPLES will continue to incur expenses for medical and related treatment throughout his lifetime.

24.     As a further direct and proximate result of the tortious conduct of the Defendant and its employees and agents as alleged hereinabove, Plaintiff JACOB ANTHONY MAPLES has incurred past and future lost earnings and lost earning capacity.

WHEREFORE, Plaintiff JACOB ANTHONY MAPLES prays for a judgment against the Defendant for actual damages in an amount not to exceed $25,000,000.00, the amount contained in his Administrative Claim for Damage, Injury, or Death (Exhibit A).

FURTHER, Plaintiff prays for the costs of this cause to the extent permitted by law and for such other and further relief as the Court deems just and proper.

Respectfully submitted,


/s/ Mary A. Parker
Mary A. Parker  (6016)
PARKER & CROFFORD
1230 Second Avenue, South
Nashville, TN  37210
(615) 244-2445

Attorney for Plaintiff