# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JACOB ANTHONY MAPLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:17-cv-00912 |
| ) | |
| UNITED STATES OF AMERICA, ) | JUDGE CAMPBELL |
| ) | |
| Defendant. ) | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a), requesting the Court to transfer this action to the United States District Court for the Eastern District of North Carolina. (Doc. No. 12). For the reasons provided below, the Court **DENIES** Defendant's Motion.

## I. FACTS

Plaintiff Jacob Maples, a resident of Dickson, Tennessee, sued Defendant United States of America under the Federal Tort Claims Act ("FTCA"). (Doc. No. 1 ¶¶ 1, 2). Plaintiff alleges that he was employed as a field technician by Southwest Electric Company ("SWE"), a sub-contractor of Government Contracting Resources ("GCR"), and that GCR contracted with Defendant to provide facility maintenance services at Marine Corps Air Station Cherry Point ("Cherry Point") in Havelock, North Carolina. (Doc. No. 1 ¶¶ 7-9). According to the Complaint, GCR subcontracted with SWE to perform repairs and maintenance on a transformer at Cherry Point in January 2015, and SWE assigned Plaintiff to perform that work. (Doc. No. 1 ¶¶ 10, 12). Plaintiff alleges that on February 26, 2015, his left thigh, right knee, and right hand suffered severe burns while working at Cherry Point when a military utility worker energized the transformer Plaintiff

was cleaning. (Doc. No. 1 ¶¶ 13, 14). Plaintiff sued Defendant for negligence, as well as negligent supervision and control. (Doc. No. 1).

## II. MOTION TO TRANSFER VENUE

Defendant argues that this case should be transferred to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a) because "the operative acts at issue occurred in the Eastern District of North Carolina," because "all other relevant fact witnesses" besides the Plaintiff reside or work outside the Middle District of Tennessee "beyond this Court's subpoena power," and because "the Court will have to apply North Carolina law." (Doc. No. 14).

In opposition, Plaintiff argues that venue is proper in this Court and that Defendant failed to establish that transfer is more convenient for the parties and is in the interest of justice. (Doc. No. 16). Specifically, Plaintiff asserts: (1) he is a resident of Tennessee and suffers from a physical disability that would make travel to North Carolina difficult; (2) the majority of non-party witnesses reside in Tennessee; and (3) transfer of the case would impose an additional financial burden on Plaintiff that Defendant will not incur because it is the United States and has attorneys in both districts. (*Id.*).

## III. ANALYSIS

Based on the parties' filings, venue is proper in this District under 28 U.S.C. § 1402. Accordingly, the issue before the Court is whether, weighing certain factors, the Court should exercise its discretion and transfer this action to another venue. The Court's analysis centers on 28 U.S.C. § 1404, which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts have broad discretion to determine whether transfer is

appropriate. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). To resolve a motion to transfer venue, a court considers:

> the plaintiff's choice of forum, the convenience of the witnesses and the residence of the parties, the location of sources of proof, including the availability of compulsory process to insure witness attendance, the location of the events giving rise to the dispute, any obstacles to a fair trial, the advantage of having the dispute adjudicated by a local court, and all other considerations of a practical nature that make a trial easy, expeditious, and economical.

*LP Envtl., LLC v. Delfasco, LLC*, 2015 WL 13145788, at *2 (M.D. Tenn. Feb. 25, 2015); *Nollner v. S. Baptist Convention, Inc.*, 2014 WL 3749522, at *7 (M.D. Tenn. July 30, 2014).

The moving party bears the burden of demonstrating that these factors weigh strongly in favor of transfer. *Reese*, 574 F.3d at 320. This burden is not satisfied if transfer merely shifts the inconvenience from one party to another. *Nollner*, 2014 WL 3749522 at *7. Instead, the moving party must prove that convenience and the interests of justice are served by transfer. *Id.* "If the court determines that the balance between the plaintiff's choice of forum and defendant's desired forum is even, the plaintiff's choice of forum should prevail." *Delfasco*, 2015 WL 13145788 at *2 (quoting *B.E. Tech, LLC v. Facebook, Inc.*, 957 F. Supp. 2d 926, 931 (W.D. Tenn. 2013)) (internal quotations and citations omitted).

### A. *Plaintiff's Choice of Forum*

Courts afford substantial weight to a plaintiff's choice of forum. *Reese*, 574 F.3d at 320. This factor weighs strongly in favor of honoring the plaintiff's choice of venue when, as here, no forum selection clause conflicts with the plaintiff's choice of forum,. *Nollner*, 2014 WL 3749522, at *7. This is especially true where the plaintiff resides in the chosen forum. *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008). Plaintiff resides in Tennessee, and neither party points to an applicable forum selection clause. Accordingly, this factor weighs against transfer.

B.   *The Convenience of the Witnesses*

One of the most important factors in determining whether to transfer venue under Section 1404(a) is the convenience of the witnesses; the convenience of non-party witnesses should be given more importance than the convenience of party witnesses. *Delfasco*, 2015 WL 13145788 at *2; *Kyphon*, 578 F. Supp. 2d. at 963. Relevant considerations include the number of essential non-party witnesses, their location, and the preference of courts for live testimony as opposed to depositions. *Kyphon*, 578 F. Supp. 2d. at 963. Thus, the party seeking transfer must clearly specify the essential witnesses to be called and make a general statement of what their testimony will cover. *Id.*

Plaintiff contends that the "majority of the foreseeable witnesses actually reside in Tennessee." (Doc. No. 16 at 3). First, Plaintiff argues that he suffers from a permanent disability as a result of the incident at issue, and his disability makes traveling long distances "extremely burdensome, if not entirely impossible." (*Id.* at 4). Additionally, Plaintiff states that witnesses Bob Bruschi and Jeremy Mitchell, both individuals working with Plaintiff on the transformer at the time of the incident at issue, also reside in Tennessee. (Doc. No. 16-1 at 1). Further, Plaintiff states that twelve of his current treating physicians are located in Tennessee, as are five members of his family with personal knowledge of his injury. (Doc. No. 16 at 3).

Conversely, Defendant argues that all of the relevant events took place in North Carolina and most of the non-party witnesses are in North Carolina. (Doc. No. 17 at 2). Defendant identifies eleven non-party witnesses and states ten of those witnesses are located in North Carolina. (*Id.* at 3). Additionally, Defendant asserts that the physicians who treated Plaintiff immediately following the incident reside in North Carolina. (*Id.* at 2). Defendant argues that if witnesses in

4

North Carolina prove uncooperative, they could not be compelled to appear in Tennessee because they are beyond the Court's subpoena power. (*Id.* at 4).

Although less importance is placed on Plaintiff's convenience than the convenience of non-party witnesses, Plaintiff's physical disability and resulting difficulty traveling is an important factor to consider. *See Gdovin v. Catawba Rental Co.*, 596 F. Supp. 1325, 1327 (N.D. Ohio 1984) ("[S]ince Plaintiffs have sustained severe injuries, it is likely that transfer would impose additional physical and financial hardship on them."). With respect to non-party witnesses who are not medical providers or family members, Plaintiff identifies two witnesses located in Tennessee while Defendant identifies eleven witnesses – ten of whom apparently reside in North Carolina. Defendant, however, provides little evidence concerning the materiality of the testimony that some of these witnesses might furnish regarding Plaintiff's accident – though it appears that at least three of these witnesses were present at the time of the incident at issue. Additionally, Defendant mentions that its witnesses in North Carolina are beyond the Court's subpoena power *if* they proved to be uncooperative, but does not provide evidence that any of these witnesses have refused to cooperate. Of course, Rule 45 of the Federal Rules of Civil Procedure equips Defendant with the power to secure witness testimony and other evidence in North Carolina.

With respect to non-party testimony from medical providers, Defendant identifies the physicians who treated Plaintiff immediately following the incident at issue, both of whom are located in North Carolina (Doc. No. 17 at 2), while Plaintiff identifies twelve physicians who have treated him since he returned to Tennessee. (Doc. No. 16-1 at 2-3). However, neither party presented proof that these witnesses are unwilling to travel to testify or cannot be deposed during discovery. On balance, the convenience of the witnesses does not weigh heavily in favor of either party's position.

## C. The Residence of the Parties

Plaintiff is a Tennessee resident, while Defendant has a presence in both Tennessee and North Carolina. Based on the record, Plaintiff would incur a greater financial burden should venue be transferred to North Carolina. Although Defendant argued that it would be more costly and less convenient for its witnesses to travel to another state, Defendant has not shown this situation to be uniquely burdensome. "Unless all parties reside in the selected jurisdiction, any litigation will be more expensive for some than for others." *Delfasco*, 2015 WL 13145788, at *2 (quoting *Moses v. Bus. Card. Express, Inc.*, 929 F.2d 1131, 1139 (6th Cir. 1991)). This factor does not weigh in favor of transfer.

## D. The Location of Sources of Proof

Defendant argues that "most of the relevant records are located in the Eastern District of North Carolina." (Doc. No. 14 at 6). Plaintiff does not dispute this. The importance of this factor is diminished somewhat in light of the tools provided by Federal Rule of Civil Procedure 45 and the presumed availability of electronic records – especially when this case does not appear to involve voluminous records located outside this District. However, this factor slightly favors North Carolina.

## E. The Location of Events Giving Rise to Dispute

Because this case arises from an incident that occurred at Cherry Point in North Carolina, (*see* Doc. No. 1), this factor weighs in favor of transfer to North Carolina.

## F. Any Obstacles to a Fair Trial

Neither party has argued that there are obstacles to a fair trial in either Tennessee or North Carolina. Therefore, this factor is neutral.

G.  *The Advantage of a Local Court*

The Court finds that both Tennessee and North Carolina possess an interest in the litigation. While Defendant argues that the Eastern District of North Carolina is more familiar with the laws of North Carolina, this Court is confident that courts in both North Carolina and Tennessee can properly apply North Carolina law to Plaintiff's claims. *Delfasco*, 2015 WL 13145788 at *2. Accordingly, this factor is neutral.

## IV. CONCLUSION

After weighing the relevant factors, the Court concludes that Defendant failed to demonstrate that the applicable factors weigh strongly in favor of transfer. Accordingly, the convenience and the interests of justice do not warrant a transfer of venue to the Eastern District of North Carolina. The Court **DENIES** Defendant's Motion to Transfer Venue.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE